133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TETRAFLUOR, INC., a California corporation, Plaintiff-Appellant,
v.
MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, a Colorado
corporation, Defendant-Appellee.
 No. 97-55157.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 4, 1997.
Decided Jan. 5, 1998.
 
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tetrafluor, Inc. (Tetrafluor) appeals the district court's grant of summary judgment in favor of Massachusetts General Life Insurance Company (Mass General) in Tetrafluor's diversity action seeking damages and injunctive relief under California law for breach of a life insurance policy on its president Al Schachter, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, unfair business practices, and bad faith insurance practices. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Tetrafluor first argues that summary judgment was inappropriate because there are triable issues of fact regarding whether Tetrafluor's August 1994 premium payment was timely. We disagree. Mass General provided Tetrafluor with a sixty-one-day grace period, ending August 28, 1994, in which to make its premium payment. The postmark on the payment envelope clearly indicates that Tetrafluor mailed its payment on August 29, 1994, one day after the grace period expired. Therefore, Tetrafluor's payment was not timely and no triable issues of fact exist.
 
 II
 
 4
 Tetrafluor next argues that there is a triable issue of fact as to whether Mass General breached the grace period notice requirement, thereby excusing Tetrafluor's untimely payment. We hold that Mass General did not materially breach the insurance contract by sending sixty-day grace period notices instead of thirty-day notices.
 
 
 5
 The evidence overwhelmingly indicates that Segel did not rely on the thirty-day notice requirement, but rather relied on the sixty-day notices that Mass General regularly sent to Tetrafluor. Segel testified in his deposition that he relied on the sixty-day notices to ensure scheduling of the payments.[1] On three occasions in a six-month period, Mass General sent sixty-day notices to Tetrafluor and Tetrafluor complied without complaint by sending its payment within the allotted grace period. It was only on the fourth such occasion that Tetrafluor failed to make its premium payment within the grace period. Therefore, we find that Mass General's practice of sending sixty-day notices in lieu of thirty-day notices was not a material breach of the insurance contract excusing Tetrafluor's untimely payment.
 
 III
 
 6
 Tetrafluor contends that there are triable issues of fact as to whether Mass General waived and/or was estopped from asserting lapse because (1) Tetrafluor's experience with Mass General was that i: would accept late payments and unconditionally reinstate terminated policies; and (2) Mass General deposited Tetrafluor's late payment into its account. We conclude that Mass General did not waive it right and was not estopped from asserting lapse.
 
 
 7
 * Contrary to Tetrafluor's assertions, Mass General did not establish a past course of conduct of accepting late premium payments or unconditionally reinstating terminated policies upon which Tetrafluor reasonably could have relied. See McCary v. John Hancock Mut. Life Ins. Co., 46 Cal.Rptr. 121 (Cal.Ct.App.1965). Tetrafluor never made, and Mass General never accepted, a late payment on Schachter's policy. Additionally, the policy was never terminated and reinstated. On one occasion, Mass General did accept a late payment on Lee's policy; however, this was due to the special circumstances of the 1994 earthquake. At the same time, Lee's policy was terminated because of a computer error and immediately reinstated when the error was discovered. These two occurrences do not establish a past course of conduct of accepting late payments or unconditionally reinstating terminated policies.[2]
 
 B
 
 8
 Mass General did not waive its right to assert lapse by depositing Tetrafluor's late premium payment into its account. The deposit and retention of a check "without qualification" constitutes an acceptance of the payment and thus waiver of the right to assert lapse. However, where the insurer advises the insured that the late payment is only being accepted conditionally there is no waiver. Gaunt v. Prudential Ins. Co. of Am., 62 Cal.Rptr. 624, 628 (Cal.Ct.App.1967). In this case, Mass General did not accept Tetrafluor's late premium payment without qualification. Instead, Mass General repeatedly advised Tetrafluor that it was retaining its late payment pending Tetrafluor's application for reinstatement of the terminated policy. When Tetrafluor failed to apply for reinstatement, Mass General promptly returned the funds. On these facts, Mass General clearly did not waive its right to assert lapse.
 
 IV
 
 9
 Tetrafluor's final claim is that there is a triable issue of fact regarding whether Mass General breached the implied covenant of good faith and fair dealing. Absent "unusual circumstances" an insurance company cannot be held liable for tortious bad faith unless policy benefits are due. Murray v. State Farm Fire & Cas. Co., 268 Cal.Rptr. 33, 37 (Cal.Ct.App.1990); see also Love v. Fire Ins. Exch., 271 Cal.Rptr. 246, 256 (Cal.Ct.App.1990) (The covenant of good faith and fair dealing "has nothing upon which to act as a supplement, and should not be endowed with an existence independent of its contractual underpinnings."). There are no unusual circumstances in this case and, therefore, no triable issues of fact regarding whether Mass General breached the implied covenant of good faith and fair dealing.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We disregard Segel's declaration, stating that he relied on the thirty-day notices, because it directly contradicts his deposition testimony. See Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1462 (9th Cir.1985)
 
 
 [2]
 We recognize that Lee's policy was again terminated and reinstated in September 1996 due to a computer error. However, because this reinstatement occurred long after the events at issue in this case, Tetrafluor could not have relied on it; therefore, it is not relevant